IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

JAMES EDWARD WALLACE,     )
                                       )
     Petitioner,            )
                                       )
v.                               )   Case No. 7:18-cv-01389-KOB-GMB
                                       )
ATTORNEY GENERAL OF THE     )
STATE OF ALABAMA, *et al.*,     )
                                       )
     Respondents.       )

## <u>MEMORANDUM OPINION</u>

James Edward Wallace, an Alabama state prisoner, filed this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254. (Doc. 1). On December 13, 2019, the magistrate judge entered a report and recommendation that this action be dismissed without prejudice for lack of jurisdiction because Wallace's petition amounts to a successive § 2254 application for which he lacks authorization from the Eleventh Circuit, as required by 28 U.S.C. § 2244(b). (Doc. 6). On December 26, 2019, the plaintiff filed timely objections. (Doc. 7).

The petitioner received full pardons of his state-court convictions on November 2, 1987 and again on October 26, 1998.[1] (Doc. 7 at 2). He asserts that

---

[1] On November 2, 1987, the petitioner received a pardon on a conviction for receiving stolen property, and on October 26, 1998 the petitioner received pardons for a 1990 possession of marijuana conviction, Case No. CC 89-119 (Bibb Co., Ala.), and receiving stolen property, Case No. CC83-81 (Bibb Co., Ala.). *See State v. Wallace*, 07-CC-1998-000140.00, at Doc. 1.

his sentences in *Wallace v. State of Alabama*, 07-CC-1998-000140.00 and 07-CC-1998-000141.00, for second degree kidnapping and first degree sexual abuse, were illegally enhanced based on those pardoned crimes. (Doc. 7 at 2–3). The petitioner states that his claims are jurisdictional and, therefore, not limited by Rule 32, the statute of limitations, or successive petition bars. (Doc. 7 at 2). The petitioner further asserts that a new rule of law proves the circuit court did not have jurisdiction in two of his convictions. (Doc. 7 at 3).

None of these arguments impact whether this petition is successive for purposes of 28 U.S.C. § 2244(b)(3)(A). Regardless of the merit in his petition, this court lacks jurisdiction to consider it until the Eleventh Circuit authorizes the filing of a successive petition. *See e.g.*, *Burton v. Stewart*, 549 U.S. 147, 152–53 (2007); *In re Bradford*, 830 F.3d 1273, 1277 (11th Cir. 2016) (stating that "when a petitioner fails to seek permission from the court of appeals to file a second or successive petition, the district court lacks jurisdiction to consider it").

Having carefully reviewed and considered *de novo* all the materials in the court file, including the magistrate judge's report and recommendation, and the petitioner's objections, the court finds that the objections are due to be OVERRULED. The court ADOPTS the magistrate judge's findings and ACCEPTS his recommendation. Wallace's petition for a writ of habeas corpus is due to be DISMISSED WITHOUT PREJUDICE, for lack of jurisdiction.

The court will enter a separate Final Order.

DONE and ORDERED this 14th day of February, 2020.

_____
**KARON OWEN BOWDRE**
UNITED STATES DISTRICT JUDGE